**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Daniel Simons and Patricia Simons, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.   11 C 4038 |
| ) | |
| Frederick J. Hanna & Associates, P.C., a ) | |
| Georgia professional corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Daniel Simons and Patricia Simons, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiffs, Daniel Simons and Patricia Simons (the "Simons"), are citizens of the State of Minnesota, from whom Defendant attempted to collect delinquent consumer debts owed for Chase Bank credit cards, despite the fact that they were represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Hanna operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

7. Mr. Simons is a disabled senior citizen, and his wife, Patricia Simons, is a senior citizen. The Simons have limited assets and income and fell behind on paying their bills, including debts they owed to Chase Bank. When Hanna began trying to collect one of the Chase Bank debts from Mr. Simons, by sending an initial form collection letter, dated February 8, 2011, the Simons sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding their financial difficulties and Defendant Hanna's collection actions. A copy of this collection letter is attached as Exhibit A.

8. Accordingly, on March 7, 2011, one of the Simons' attorneys at LASPD informed Hanna, in writing, that that Mr. Simons was represented by counsel as to the specific debt at issue, with an accompanying Consent Form For Legal Representation that showed that the Simons were represented by counsel as to all their debts. The letter also directed Hanna to cease contacting Mr. Simons, and to cease all further collection activities because Mr. Simons was forced, by his financial circumstances, to

refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

9. Defendant Hanna then sent Ms. Simons a collection letter, dated March 8, 2011, demanding payment on another Chase Bank account. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on April 20, 2011, one of Ms. Simons' attorneys at LASPD informed Hanna, in writing, that Ms. Simons was represented by counsel, and directed Hanna to cease contacting her, and to cease all further collection activities because Ms. Simons was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant Hanna continued to call the Simons directly in an attempt to collect the Chase Bank debts, including, but not limited to, telephone calls made to the Simons by Defendant Hanna's debt collector, Mr. Jackson, from 770-916-9220, on May 9, 2011 at 3:43 p.m., on May 11, 2011 at 4:13 p.m., on May 12, 2011 at 4:06 p.m., and on May 16, 2011 at 8:04 a.m.

12. Defendant Hanna's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Hanna's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiffs adopt and reallege ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from the Simons' attorney/agent, LASPD, told Defendant Hanna to cease communications and cease collections. By continuing to communicate and demanding payment, Defendant Hanna violated § 1692c(c) of the FDCPA.

17. Defendant Hanna's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiffs adopt and reallege ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Hanna knew that the Simons were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant Hanna to cease directly communicating with them. By directly contacting the Simons, despite being advised that they were represented by counsel, Defendant Hanna violated § 1692c(a)(2) of the FDCPA.

21. Defendant Hanna's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Daniel Simons and Patricia Simons, pray that this Court:

1. Find that Defendant Hanna's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, and against Defendant Hanna, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Daniel Simons and Patricia Simons, demand trial by jury.

Daniel Simons and Patricia Simons,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: June 14, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5